UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

SHARLENE TRUSTY,
                    *Plaintiff-Appellant,*

v.

STATE OF MARYLAND; UNIVERSITY OF
MARYLAND, at Baltimore; JANE
LEWIS; JEAN SCOTT; ROBIN NICHOLS,
                    *Defendants-Appellees.*

No. 01-2068

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Andre M. Davis, District Judge.
(CA-00-1819-AMD)

Submitted: January 31, 2002

Decided: February 20, 2002

Before WILLIAMS, KING, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

Robin R. Cockey, COCKEY, BRENNAN & MALONEY, P.C., Salisbury, Maryland, for Appellant. J. Joseph Curran, Jr., Attorney General of Maryland, Mark J. Davis, Assistant Attorney General, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Appellant Sharlene Trusty appeals the district court's order granting summary judgment to the Appellees on her racial discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 1994 & Supp. 2001), 42 U.S.C. § 1981 (1994), and 42 U.S.C.A. § 1983 (West Supp. 2001). We affirm.

This court reviews de novo a district court's order granting summary judgment and construes the facts in the light most favorable to the nonmoving party. *Scheduled Airlines Traffic Offices, Inc. v. Objective, Inc.*, 180 F.3d 583, 590-91 (4th Cir. 1999). Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Once the moving party discharges its burden by showing there is an absence of evidence to support the nonmoving party's case, *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the nonmoving party must come forward with specific facts showing there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment will be granted unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

Trusty, who is African-American, alleges that although she performed supervisory and training functions, she received a lower job classification and a lower rate of pay in comparison to Caucasian employees she claims to have supervised. To establish a prima facie case of discrimination in pay Trusty must show: (1) she is a member of a protected class; (2) she is as qualified as employees not of the protected class; and (3) she was paid less than other comparably qualified employees. *See Bazemore v. Friday*, 751 F.2d 662, 670 (4th Cir. 1984), *aff'd in part, rev'd in part on other grounds*, 478 U.S. 385 (1986) (per curiam).

As found by the district court, Trusty cannot establish a prima facie case because she and a particular Caucasian employee she claimed to supervise, Helen Kelm, were not "similarly situated." Even if Trusty established a prima facie case for disparate treatment due to racial discrimination, Trusty cannot rebut her employer's legitimate, non-discriminatory reason for hiring Kelm at a higher pay rate and job classification. Similarly, the district court properly concluded that Trusty failed to adduce evidence supporting her claim that she functioned as a supervisor. Because Trusty has not shown the University's actions were a pretext for intentional discrimination, *see Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147-48 (2000), we conclude the district court did not err in granting summary judgment in favor of the Appellees.

To the extent that Trusty asserted a hostile work environment claim, Trusty presented no facts to support such a claim. Trusty's wholly conclusory allegations concerning an alleged hostile work environment are neither severe nor pervasive enough to support a viable claim.*

Accordingly, we affirm the district court's order. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

*To determine whether the harassment is severe enough to create a hostile work environment, a court should consider: (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or a mere offensive utterance; (4) whether it unreasonably interferes with an employee's work performance; and (5) whether it resulted in psychological harm. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993); *Conner v. Scharader-Bridgeport Int'l, Inc.*, 227 F.3d 179, 193 (4th Cir. 2000).